UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JENNIFER RISK

Plaintiff,                                                                                                    14-cv

 -vs-

PIONEER CREDIT RECOVERY, INC.,

Defendants,
_____/
ADAM S. ALEXANDER (P53584)
ANRREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI 48075
(248) 246-6353
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff Jennifer Risk, ("Plaintiff" or "Ms. Risk"), currently resides in Marshall, Michigan, Calhoun County, and the actions alleged herein accrued in Marshall, Michigan, so that venue is proper.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq ("FDCPA") at 1692a(2).

3. Defendant Pioneer Credit Recovery, Inc., ("Defendant" or "Pioneer"), is a Delaware corporation with its agent for service of process located in East Lansing, Michigan;

4. Pioneer is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

5. Pioneer is a "collection agency" according to the definitions in M.C.L. 339.901(b).

## I. STATUTORY STRUCTURE

1

## **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. 1692.

7. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8. Under the FDCPA, "debt" means any obligated or alleged obligation of a consumer to pay money arising out of transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.   15 U.S.C. 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

11. Collection abuse takes many forms, including disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense (see *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 398 (6th Cir.1998).

12. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any

actual damages sustained, statutory damages up to $1,000.00, actual damages, and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

13. This court has jurisdiction over the state law claims herein, and has concurrent jurisdiction over the federal law claims, and the action is otherwise in the proper court and district.

## GENERAL ALLEGATIONS

14. Pioneer has engaged in collection activity, beginning in early 2014, in connection with an alleged student loan debt, which violates the FDCPA and Michigan law.

15. Pioneer employees began contacting Plaintiff regarding the alleged debt and in February of 2014.

16. Employee "Ilene" contacted Plaintiff at work and was advised by Plaintiff that she could not call at the office. Ilene refused to get off the phone and instead made misrepresentations to Plaintiff including that Plaintiff had to pay the full amount requested right there and then over the phone or have her paycheck garnished. After Plaintiff refused to pay, Ilene began to harass Plaintiff and then transferred Plaintiff to another Pioneer debt collector who continued the harassment. Plaintiff ended the conversation.

17. Despite that fact that Plaintiff advised Pioneer debt collectors that she could not take calls at work and to refrain from calling at her place of employment, Pioneer continued to make calls to Plaintiff's work, including but not limited to, again in February of 2014 and in September of 2014.

18. Later in February of 2014, Plaintiff contacted Pioneer and entered into a voluntary repayment agreement with Pioneer whereby Plaintiff agreed to make monthly payments of $75.00.

19. However, in August 2014, Plaintiff engaged a loan consolidation company (Student Loan Resolve), ("SLR"), to consolidate her debts, including the alleged debt owed to Pioneer. SLR took all of Plaintiff's student loans and consolidated them into one loan with one payment to SLR.

20. Pioneer received notice of said consolidation but continued to attempt to collect a debt which was no not owed to them or their assignor.

21. Whether the loan was correctly consolidated or not, and whether Plaintiff owed a debt to Pioneer or not, Pioneer continued to violate federal and local collection laws as outlined above and below.

22. Collector Tammy Hill began to harass and embarrass Plaintiff into paying the alleged debt by making excessive multiple phone calls and automated phone calls to Plaintiff, and to third parties parties, including but not limited to Tracy Taylor, at (517) 398-1160, and illegally notified her of Plaintiff debt; Her conduct was outrageous and plainly in violation of the law as outlined below.

23. Plaintiff never gave Pioneer or Ms. Hill any authorization to contact third parties regarding the alleged debt.   Ms. Hill had actual knowledge that (517) 398-1160 is not Plaintiff's phone number.

24. The above phone call went beyond "acquiring location information" and was otherwise in violation of the FDCPA and Michigan law.

25. Ms. Hill threatened Plaintiff that if Plaintiff didn't pay Pioneer she would be defaulted and the default would go on Plaintiff's credit report for 7 years.

26. As the result of the facts alleged above, Plaintiff has suffered damages including actual damages and emotional distress.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

27. Plaintiff incorporates the preceding allegations by reference.

28. Pioneer, at all times relevant hereto, and in the ordinary course of business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

29. Pioneer has engaged in violations of the FDCPA, including but not limited to:

    a) disregarding the "mini-Miranda" requirements contained in 15 U.S.C. §1692(e)11;

    b) using generally false, misleading or unfair methods to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692e;

    c) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

    d) engaging in abusive conduct in prohibition of 15 U.S.C. §1692d;

    e) communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, in prohibition of 15 U.S.C. §1692b(2);

    f) using unfair or unconscionable means to collect the debt, in violation of the general prohibitions in 15 U.S.C. §1692f;

    g) communicating with a third party without consent of the consumer given directly to the debt collector in prohibition of 15 U.S.C. § 1692c(b);

    h) engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt in prohibition of 15 U.S.C. § 1692(d).

30. Plaintiff has suffered damages, including but not limited to frustration, embarrassment, and emotional distress as the result of Defendant's violations of the FDCPA and Michigan law.

## COUNT II - MICHIGAN OCCUPATIONAL CODE

31. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

32. Pioneer is a "collection agency" under MCL §339.901(f)

33. Defendant's foregoing acts and omissions in attempting to collect the alleged debts described herein against Plaintiff constitute violations of the Occupational Code, including, but not limited to:

   a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   b. Failing to send Plaintiff a letter within five days after their initial communication as mandated by MCL §339.918.

   c. Communicating in a misleading or deceptive manner.

   d. Misrepresenting the legal rights of the debtor or creditor.

   e. Communicating with the debtor without accurately disclosing the caller's identity.

34. These violations of the Michigan Occupational Code by Defendant was willful.

35. Plaintiff has been harmed by these violations in an amount to be determined at trial, and Pioneer violations constitute flagrant violations requiring treble damages.

## DEMAND FOR JUDGMENT AND RELIEF

36. Accordingly, Plaintiff seeks Judgment against Defendant for:

   a. Equitable relief under the Michigan Occupational Code regarding cessation of illegal debt collection;

   b. Actual damages including damage to reputation, embarrassment and emotion distress in accordance with 15 U.S.C. § 1692k(a)(1);

   c. Statutory damages in accordance with 15 U.S.C. § 1692k(a)(2)(A);

   d. Statutory costs and attorney fees in accordance with 15 U.S.C. § 1692k(a)(3);

   e. Treble damages;

f. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands Trial by Jury.

Respectfully submitted,

By: **/S/ Adam S. Alexander**
ADAM S. ALEXANDER (P53584)
ANDREW R. MIKOS (P76268)
THE ALEXANDER LAW FIRM
Attorneys for Plaintiff
17200 W. Ten Mile Rd., Ste. 200
Southfield, MI  48075
(248) 246-6353
adalesq@gmail.com

September 29, 2014